UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

IN RE:

| | |
|---|---|
| SAMUEL G. WILSON AND | Chapter 13 |
| LIZA F. WILSON | Case No. 05-10032 |

DEBTORS

| | |
|---|---|
| BEVERLY BURDEN, TRUSTEE | PLAINTIFF |
| For the Bankruptcy Estate of Samuel G. Wilson | |
| and Liza F. Wilson | |
| V. | Adv. No. 05-1014 |
| THE CIT GROUP/CONSUMER | |
| FINANCE, INC., AND SELECT | |
| PORTFOLIO SERVICING, INC. | DEFENDANTS |

MEMORANDUM OPINION

By Agreed Order, the parties submitted this matter to the Court for final disposition upon the record as if tried before the Court. (Document # 25). The Plaintiff seeks to avoid the mortgage of The CIT Group/Consumer Finance, Inc. and Select Portfolio Servicing, Inc. pursuant to 11 U.S.C. § 544 and preserve it for the benefit of the estate. After considering the evidence offered by the parties and the briefs and arguments of counsel, the Court will grant Judgment for the Plaintiff for the reasons set out below. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334; it is a core proceeding pursuant to 28 U.S.C. § 157.

Findings Of Fact

The debtors, Samuel G. Wilson and Liza F. Wilson, own and have titled in their name real property located at 2721 County Road, Ashland, Kentucky. The debtors financed a loan with and granted a mortgage to Defendants on the real property located at 2721 County Road, Ashland, Kentucky. The Certificate of Acknowledgment in the Defendants' mortgage states "The foregoing instrument was acknowledged before me this 08 day of May, 2001." The Certificate of Acknowledgment did not identify Samuel G. Wilson and Liza F. Wilson as the people who acknowledged the execution of the mortgage.

Conclusions Of Law

Under 11 U.S.C. § 544 the Bankruptcy Trustee has the status of a bona fide purchaser of real property. In re Ryan., 851 F.2d 502, 504 (1st Cir. 1988). If a hypothetical bona fide purchaser can avoid a mortgage, then the Trustee can avoid it as well pursuant to 11 U.S.C. § 544. In re Zaptocky, 250 F.3d 1020, 1023-1024 (6th Cir. 2001).

KRS 423.130 states:

> The person taking an acknowledgment shall certify that:
>
> (1) The person acknowledging appeared before him and acknowledged he executed the instrument; and
> (2) The person acknowledging was known to the person taking the acknowledgment or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

The Certificate of Acknowledgment in the Defendants' mortgage states "The foregoing instrument was acknowledged before me this 08 day of May, 2001." The Certificate of

Acknowledgment did not identify Samuel G. Wilson and Liza F. Wilson as the people who acknowledged the execution of the mortgage. The acknowledgment did not contain the information required by KRS 423.130. KRS 382.270 provides in pertinent part:

> No . . . mortgage conveying a legal or equitable title to real property shall be valid against a purchaser for a valuable consideration, without notice thereof . . . until such deed or mortgage is acknowledged . . . according to law and lodged for record.

The Sixth Circuit in the case of In re Vance, 2004 WL 771484 (6th Cir. 2004), addressed the exact same issues as the ones confronting the Court in this case. The Sixth Circuit first held that the acknowledgment was defective for failing to comply with KRS § 423.130 for not stating the identity and/or names of those who signed the mortgage. Id. at 2. The next issue to be addressed by the Court was whether a defectively acknowledged mortgage could put a bankruptcy trustee, as a hypothetical bona fide purchaser, on notice. The Sixth Circuit held that the express language contained in 11 U.S.C. § 544 precluded the trustee from having actual notice. Id. at 2. The Sixth Circuit further held that under the holding in State Street Bank and Trust Co. v. Heck's, Inc., 963 S.W.2d 626 (Ky. 1998), a defectively acknowledged mortgage was not sufficient to put the trustee on constructive or inquiry notice. Id. at 3.

The Defendants' mortgage is not any different in substance than the mortgage in Vance. The defendants' mortgage did not state the identity and/or names of the individuals who acknowledged the execution of the mortgage. In fact the Defendants' brief states that the certificate of acknowledgment "fails to contain the names of the parties acknowledging execution of the document to the notary." Consequently, it was

defectively acknowledged and insufficient to put the trustee, as a hypothetical bona fide purchaser, on notice. In re Vance, 2004 WL 771484 (6th Cir. 2004).

This court has found for the trustee in other cases on similar facts. *See Anna Johnson, trustee v. Altegra Credit Co. and The CIT Group (In re Coleman)*, Adversary No. 02-5167, Document # 49.

In consideration of the foregoing, the Court concludes that the Plaintiff is entitled to judgment as a matter of law, that she may avoid The CIT Group/Consumer Finance, Inc.'s and Select Portfolio Servicing, Inc.'s lien pursuant to 11 U.S.C. § 544(a)(1) and (a)(3), and that it should be preserved for the benefit of the estate pursuant to 11 U.S.C. § 551. A judgment in conformity with this opinion will be entered separately.

Copies to:

J. D. Kermode, Esq.
John P. Brice, Esq.
Benjamin K. Phillips, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge**
**Dated: Tuesday, August 16, 2005**
**(jms)**